IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTERACTIVE S.P.A., <br><br> Defendant. | Civil Action No._____ <br><br> _____ <br><br> JURY TRIAL DEMANDED <br><br> FEBRUARY 3, 2011 |

## COMPLAINT

Plaintiff World Wrestling Entertainment, Inc. ("WWE"), by and through its undersigned counsel, hereby files this Complaint against Defendant Interactive S.P.A. ("Interactive") and in support thereof states as follows.

## PARTIES

1. Plaintiff World Wrestling Entertainment, Inc. is a Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. WWE is an integrated media and entertainment company principally engaged in the development, promotion, and marketing of television programming, pay-per-view programming, and live arena events featuring its unique wrestling-based sports entertainment programming, and the licensing and sale of branded consumer products featuring its famous brands.

1

2. Defendant Interactive S.P.A. is an Italian corporation with offices at Via Tazzoli 15-20152, Milan, Italy. Interactive is the owner of certain broadcast channels in Italy, including those channels known as Sportitalia Channel and SI Live.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There exists complete diversity of citizenship between WWE and Interactive and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. This Court has personal jurisdiction over the parties, as Interactive has consented to jurisdiction in this Court in Section L(13) of the Standard Terms and Conditions of the Television Agreement and Section 14.2 of the Website Agreement.

5. Venue for this matter lies in this District under 28 U.S.C. § 1391(d), as an alien may be sued in any District. Furthermore, Interactive has consented to venue in this District in Section L(13) in the standard terms and conditions of the Television Agreement and Section 14.2 in the Standard Terms and Conditions of the Website Agreement.

## FACTUAL BACKGROUND

A. The Television Agreement

6. On or about December 18, 2007, WWE and Interactive entered into an agreement granting Interactive the exclusive but limited right and license to use WWE's intellectual property in connection with the broadcast in Italy in Italian of certain specified WWE programming via Pay Television and Digital Terrestrial Free Television on broadcast channels owned by Interactive known as Sportitalia Channel and SI Live (the "Television Agreement"). The term of the Television Agreement was scheduled to expire on July 31, 2009.

7.      Pursuant to Section 4(a) of the Television Agreement, Interactive was required to pay to WWE a License Fee in the amount of $8,265.00 per week or an aggregate of $767,625.00.

8.      The License Fee was to be paid to WWE according to the following Payment Schedule:

| Due Date | Amount |
| --- | --- |
| Upon execution | $127,937.50 |
| On or before February 29, 2008 | $63,968.75 |
| On or before April 1, 2008 | $63,968.75 |
| On or before June 1, 2008 | $63,968.75 |
| On or before August 1, 2008 | $63,968.75 |
| On or before October 1, 2008 | $63,968.75 |
| On or before December 1, 2008 | $63,968.75 |
| On or before February 1, 2009 | $63,968.75 |
| On or before April 1, 2009 | $63,968.75 |
| On or before June 1, 2009 | $63,968.75 |
| On or before August 1, 2009 | $63,968.75 |
| **TOTAL:** | **$767,625.00** |

9.      On October 31, 2008, WWE and Interactive executed an Amendment to the Television Agreement ("First Amendment") to provide for the addition of 4 "Special Programs" to the Television Agreement for an Additional License Fee of $6,250 per episode, or an aggregate of $25,000, $12,500 to be paid upon execution of the First Amendment, and $12,500 to be paid on or before November 1, 2008.

10.     Section 9 of the Television Agreement provides that it "is subject to all of the provisions of the Standard Terms and Conditions that are attached to and made a part of this Agreement."

11. Pursuant to Section A(2)(b) of the Standard Terms and Conditions to the Television Agreement, Interactive was required to "pay WWE interest on any late payment at the lesser of (i) an annual rate of 2% over the prevailing prime interest rate in effect at JP Morgan Chase, New York, New York, on the date on which the outstanding amount of such late payment should have been received by WWE or (ii) the highest amount of interest allowed by applicable law."

**B. The Website Agreement**

12. On or about October 30, 2008, WWE and Interactive entered into an agreement granting Interactive a limited non-exclusive license to use certain intellectual property owned by WWE ("Content") to prepare, format, and promote a localized, Italian language version of the WWE website, to be known as it.wwe.com (the "Website Agreement" or "Localization Agreement")). The Website Agreement was scheduled to expire on October 30, 2011.

13. Pursuant to Section 5.1 of the Website Agreement, Interactive agreed to pay WWE royalties in the amount of 40% of Interactive's Advertising Revenue and 40% of Net Revenue associated with the Content for the first Contract Year, 45% of Advertising Revenue and 45% of Net Revenue for the second Contract Year, and 50% of Advertising Revenue and 50% of Net Revenue for the third Contract Year ("Royalties").

14. Pursuant to Section 5.3 of the Website Agreement, Royalties were due at the end of each month, in U.S. Dollars. Section 5.3 further provided that all unpaid Royalties shall bear interest at the lesser of 1.5% per month, or the maximum rate allowed by law.

15. Interactive was required to pay WWE a non-refundable advance, recoupable against the Royalties described above (the "Advance"). Pursuant to Section 5.2 of

the Website Agreement, the Advance was to be paid by Interactive according to the following schedule:

|  | Due Date | Amount |
|---|---|---|
| **For the 1st Contract Year** | No later than December 23, 2008 | €50,000 |
|  | No later than July 1, 2009 | €25,000 |
|  | No later than September 30, 2009 | €25,000 |
| **For the 2nd Contract Year** | No later than December 23, 2009 | €50,000 |
|  | No later than July 1, 2010 | €25,000 |
|  | No later than September 30, 2010 | €25,000 |
| **For the 3rd Contract Year** | No later than December 23, 2010 | €50,000 |
|  | No later than July 1, 2011 | €25,000 |
|  | No later than September 30, 2011 | €25,000 |
|  | **TOTAL:** | **€300,000** |

**Interactive's Breach and the 2010 Amendment**

16. Interactive failed to pay WWE amounts due under both the Television Agreement and the Website Agreement.

17. On October 1, 2009, WWE notified Interactive in writing that it was in arrears under the Television Agreement in the amount of $551,087.50.

18. On November 27, 2009, WWE further notified Interactive that it was in default under the Website Agreement, having failed to pay a total of $129,752.20.

19. Thus, as of November 27, 2009, Interactive had failed to pay a total of $680,839.20 due and owing under both Agreements.

20. In response to WWE's notifications, the parties negotiated and entered into a consolidated Amendment, dated July 1, 2010, modifying both agreements, known as the "Second Amendment to the International Television Rights License Agreement between World

5

Wrestling Entertainment, Inc. ('WWE') and Interactive S.P.A. ('Licencee'); and First Amendment to the Localization Agreement between WWE and Licensee" (the "2010 Amendment").

21. Pursuant to Section 1(a) of the 2010 Amendment, Interactive was required to pay the outstanding License Fee due to WWE under the Television Agreement in two portions: $500,000, payable in cash ("Cash Portion"), and $250,000, payable in advertising spots.

22. Pursuant to Section 1(a) of the 2010 Amendment, Interactive was required to pay the Cash Portion of the amended License Fee according to the following schedule:

| Due Date | Amount |
| --- | --- |
| On or before January 1, 2010 | $50,000.00 |
| On or before February 1, 2010 | $50,000.00 |
| On or before March 1, 2010 | $50,000.00 |
| On or before April 5, 2010 | $50,000.00 |
| On or before May 3, 2010 | $50,000.00 |
| On or before June 7, 2010 | $50,000.00 |
| On or before July 5, 2010 | $50,000.00 |
| On or before August 2, 2010 | $50,000.00 |
| On or before September 6, 2010 | $50,000.00 |
| On or before October 4, 2010 | $50,000.00 |
| **TOTAL:** | **$500,000.00** |

23. Pursuant to Section 2(b) of the 2010 Amendment, WWE and Interactive agreed that the amended payment schedule described above included the €100,000 due and owing under the Website Agreement for the first Contract Year.

24. Pursuant to Section 2(a) of the 2010 Amendment, WWE and Interactive agreed that Interactive remained obligated to pay the Advance and Royalties in excess of the Advance with respect to the Second and Third Contract Years under the Website Agreement.

25. Pursuant to Section 3 of the 2010 Amendment, if Interactive failed to make payments according to the amended payment schedule described above, or otherwise breached either the Television or Website Agreement, Interactive "shall immediately be obligated to, and shall, repay WWE the full balance of $680,839.20" due under both the Television Agreement and the Website Agreement, and all provisions of the 2010 Amendment would cease to have any force or effect.

26. Interactive made the payments due under the 2010 Amendment in January and February 2010 totaling $100,000.

27. Since February 2010, Interactive has made no payments of any kind to WWE under 2010 Amendment or otherwise.

### COUNT I—Breach of Contract
### (Television Agreement)

28. WWE realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

29. WWE has complied with all of its obligations under the Television Agreement, as amended.

30. The Television Agreement, as amended, required Interactive to pay WWE License Fees according to a strict payment schedule.

31. Interactive made only two payments under the schedule set forth in the 2010 Amendment.

7

32. Interactive's failure to make further payments according to the schedule set forth in the 2010 Amendment constitutes a breach of the Television Agreement, as amended.

33. Accordingly, and as further provided for by the 2010 Amendment, WWE is entitled immediately to the entire outstanding amount of $551,087.50 due under the Television Agreement.

34. In addition, as set forth above, under Section A(2)(b) of the Standard Terms and Conditions of the Television Agreement, WWE is entitled to interest on the outstanding amount of $551,087.50.

### COUNT II—Breach of Contract
### (Website Agreement)

35. WWE realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

36. WWE has complied with all of its obligations under the Website Agreement, as amended.

37. The Website Agreement required Interactive to pay monthly Royalties and Advance amounts to WWE according to a strict payment schedule.

38. Interactive made only two payments under the schedule set forth in the 2010 Amendment.

39. Interactive's failure to make further payments according to the schedule set forth in the 2010 Amendment constitutes a breach of the Website Agreement, as amended.

40. Accordingly, and as is further provided for by the 2010 Amendment, WWE is entitled immediately to the entire outstanding amount of $129,752.20 due and payable under the Website Agreement for the first Contract Year.

41. In addition, as set forth above, under Section 5.3 of the Website Agreement, WWE is entitled to interest on the outstanding amount of $129,752.20.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby demands the following relief against Defendant:

(a) Damages for breach of contract in the total amount of $680,839.20 under the Television and Website Agreements;

(b) Interest on the total amount due WWE of $680,839.20, as provided for in the Television and Website Agreements;

(c) Damages for breach of contract in the amount of any additional unpaid Royalties or Advance amounts incurred as of the date of judgment;

(d) Interest on any additional amounts of unpaid Royalties or Advance amounts incurred as of the date of judgment as set forth in the Website Agreement; and

(e) Such other legal and equitable relief as this Court may deem just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Respectfully Submitted:

/s/ Jonathan B. Tropp_____
Jonathan B. Tropp  (ct11295)
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901
Telephone:  (203) 977-7300
Facsimile:   (203) 977-7301
Email:  jbtropp@daypitney.com

9

*Of Counsel*:
Jerry S. McDevitt
Curtis B. Krasik
J. Nicholas Ranjan
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 355-6500
Facsimile:   (412) 355-6501
Email:  jerry.mcdevitt@klgates.com